**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WREN CORDES,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-2214** |
| **OSG SHIPMANAGMENT, LTD.,**<br>    **Defendant** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is a motion for reconsideration filed by Plaintiff, Wren Cordes

("Plaintiff").[1]  Plaintiff requests the Court to reconsider its May 10, 2013 order denying

Plaintiff's motion *in limine* to exclude Captain Ronald L. Campana's ("Capt. Campana")

testimony at trial.  Defendant, OSG Ship Management UK, Ltd. ("OSG"), opposes the

motion for reconsideration.[2]  For the following reasons, the motion is **DENIED**.

### *Background*

As alleged in Plaintiff's complaint, Plaintiff is employed with Cooper/T. Smith

Corporation ("Cooper/T. Smith") as a boat operator and line handler.  On November 14,

2011, Plaintiff was receiving bow mooring lien from the tanker M/T OVERSEAS

YELLOWSTONE (the "vessel") while the vessel was attempting to dock at the Ergon

Terminal on the Mississippi River in Hymel, Louisiana.  According to Plaintiff, the "line

became tangled[,] causing the wench to retrieve the line rather than pay out the line and

further causing the shackle welded to the end of the line to spin from the dock wench and

---

[1] R. Doc. 25.

[2] R. Doc. 26.

strike [P]laintiff in the hand."[3]  Plaintiff alleges that this accident resulted in "severe, debilitating, disfiguring and permanent injuries to his wrist."[4]  OSG was operating the vessel on November 14, 2011.[5]  Plaintiff contends that OSG's negligence caused his injuries and he seeks to recover against OSG for such injuries under general maritime law.[6]  Plaintiff designated this matter as a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.[7]  Non-jury trial is scheduled to begin June 17, 2013.[8]

This Court entered a scheduling order in accordance with Rule 16 of the Federal Rules of Civil Procedure on November 26, 2012.[9]  The scheduling order provides that "[w]ritten reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, fully setting forth all matters about which they will testify and the basis therefor, shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **February 19, 2013**," and further provides a March 19, 2013 deadline for OSG to deliver its expert reports to Plaintiff's counsel.[10]  In addition, the parties' witness and exhibit lists were to be filed no later than March 19, 2013. OSG retained Capt. Campana as a marine safety expert.  Capt. Campana, who prepared a Rule 26(a)(2)(B) expert report, intends to testify at trial that OSG's negligence did not cause

---

[3] R. Doc. 1 at p. 2.

[4] R. Doc. 1 at p. 2.

[5] R. Doc. 4 at p. 2.

[6] R. Doc. 1.

[7] R. Doc. 1 at p. 3.

[8] R. Doc. 7.

[9] R. Doc. 7.

[10] R. Doc. 7 at p. 1 (bold in original).

the November 14, 2011 accident.  OSG timely delivered Capt. Campana's expert report to Plaintiff's counsel and timely filed its witness list, which indicates that Capt. Campana will be called as an expert witness.[11]

Plaintiff did not retain a marine safety expert within the deadlines set forth in the Court's scheduling order.  As a result, Plaintiff moved *in limine* to exclude Capt. Campana's testimony under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and its progeny.[12]  The Court denied Plaintiff's motion *in limine*, finding that Capt. Campana was qualified to testify based on his experience, that he had formulated reliable opinions, and that his testimony would be helpful to the Court as provided for in Rule 702.[13]  Thereafter, Plaintiff filed a motion requesting this Court to reconsider its order denying Plaintiff's motion *in limine*, which is now before the Court for decision.

### *Law and Analysis*

Plaintiff argues the Court should reconsider its prior order because Capt. Campana's opinions are not reliable.  A motion for reconsideration that is filed within twenty-eight days of entry of an order is considered a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Waites v. Lee Cnty., Miss.*, 498 F. App'x 401, 403-04 (5th Cir. Nov. 26, 2012) (citing Fed. R. Civ. P. 59(e); *Williams v. Thaler*, 602 F.3d 291, 303 n.7 (5th Cir.2010); *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998); *Templet v. HydroChem Inc.*, 367 F.3d 473, 483 (5th Cir. 2004)).  Motions for

---

[11] R. Doc. 9 at p. 2.

[12] R. Doc. 12.

[13] R. Doc. 21.

reconsideration must "clearly establish either a manifest error of law or fact or must present newly discovered evidence.  These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory."  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  A district court may grant a motion for reconsideration under Rule 59(e) only due to "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Arrieta v. Local 745 of Int'l. Broth. of Teamsters*, 445 F. App'x 760, 762 (5th Cir. Oct. 18, 2011) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)).

Plaintiff does not address the standards he must meet in order to succeed on a Rule 59(e) motion for reconsideration.  Generally, Plaintiff argues that the Court improperly failed (1) to consider the affidavit testimony submitted by Joseph Perez ("Perez") and (2) to act as a gatekeeper to ensure that Capt. Campana's expert testimony is reliable.  As Plaintiff does not appear to argue that there has been an intervening change in controlling law or that he has discovered new evidence which was not previously available, the Court will consider Plaintiff's arguments as urging the Court to grant relief due the need to correct a clear error of law.

With respect to Plaintiff's first argument that the Court improperly failed to consider the Perez affidavit, Plaintiff's reasoning is unpersuasive.  Plaintiff contends the Court's decision to not consider the Perez affidavit is "flawed because [P]laintiff had no way of knowing [OSG] intended to hire an expert."[14]  According to Plaintiff, he propounded

---

[14] R. Doc. 25-1 at p. 1.

discovery asking for the names of any "witnesses" and OSG's January 2, 2013 answers to such discovery did not disclose Capt. Campana.  Given that Capt. Campana's expert report indicates he visited the Ergon Terminal in February 2013, Plaintiff contends OSG failed to timely update its discovery responses, to Plaintiff's detriment.  OSG responds that depositions of Plaintiff's coworkers were not completed until mid-March 2013.  At that time, "it became obvious that Plaintiff's recitation of events did not make sense."[15]  As a result, OSG determined that Capt. Campana needed to testify at trial.  Thus, OSG contends it acted properly by timely disclosing Capt. Campana's Rule 26(a)(2)(B) written report to Plaintiff and timely listing him on its witness list as a testifying expert.

OSG did not have any duty to disclose Capt. Campana's identity prior to the time OSG decided he would testify as an expert witness at trial.  *See Ohio Management, LLC v. James River Ins. Co.*, 2006 WL 1985962, at *2 (E.D. La. July 13, 2006) (Knowles, M.J.) (denying motion to compel disclosure of the identities of any consulting and/or non-testifying experts absent a showing of exceptional circumstances under Rule 26(b)(4)(D)).  OSG represents to the Court that counsel made the strategic decision to call Capt. Campana at trial in mid-March 2013.  Given that OSG complied with the Court's scheduling order, thereby delivering Capt. Campana's report and disclosing his identity by March 19, 2013, OSG's actions were proper.  Likewise, Plaintiff may not circumvent the Court's scheduling order and request the Court to consider an affidavit of a witness that was not timely disclosed on Plaintiff's witness list.  Consequently, the Court did not make a manifest error of law by declining to consider the Perez affidavit when ruling on Plaintiff's original motion *in limine*.  For the same reasons, the Court will not consider the Perez

---

[15] R. Doc. 26 at p. 3.

affidavit at this time.  As a result, Plaintiff's argument that he "had no way of knowing" OSG would retain a testifying expert is unavailing.

Second, Plaintiff argues the Court failed to act as a gatekeeper, under *Daubert* and Rule 702, to ensure that Capt. Campana's conclusions are reliable.  Plaintiff submits that Capt. Campana's conclusions have not been subjected to scientific testing and, as a result, he should not be permitted to testify.  In essence, Plaintiff contends the Court made a clear error of law in declining to grant Plaintiff's motion *in limine* to exclude Capt. Campana's testimony.

Plaintiff's assertion that the Court did not satisfy its gatekeeping duty is also unpersuasive.  As this Court noted in its prior order regarding Capt. Campana, *Daubert*'s reliability inquiry is a "flexible one" and a "court has discretion to consider other facts it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).  Whether or not an expert's conclusions have been subjected to scientific testing is not dispositive as to the reliability of the expert's testimony.  In ruling on Plaintiff's prior motion *in limine*, the Court considered Capt. Campana's extensive experience and the evidence he reviewed as sufficient bases for his conclusions.[16]  The Court's determination does not mean that these conclusions are correct, *Guy*, 394 F.3d at 325, but rather, that they satisfy the minimum threshold to allow them to go before the factfinder, which in this case is the Court.[17]  "[V]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking

---

[16] R. Doc. 21 at pp. 6-8.

[17] Again, as this case will be tried to the bench rather than a jury, there is no danger that the factfinder will place improper weight on Capt. Campana's testimony. *See Young v. BP Exploration & Prod. Inc.*, 2012 WL 2087405, at *2 (E.D. La. June 8, 2012) (Barbier, J.).

shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Indeed, as the Court has already observed, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility, and should be left for the finder of fact. *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (internal citations omitted).

Capt. Campana's testimony will be helpful to the Court in understanding the evidence before it and determining facts in issue, thus he will be permitted to testify regarding the standards pertaining to procedures and practices of vessel mooring operations. The Court reiterates its prior instructions to Plaintiff: "Any alleged deficiency regarding the bases and sources of Capt. Campana's opinions go to the weight to be afforded to his opinions, rather than their admissibility. Plaintiff may subject Capt. Campana to vigorous cross-examination in an effort to diminish any weight the Court gives his opinions when making its findings of fact."[18] Furthermore, this Court has already cautioned OSG that Capt. Campana will not be permitted to testify on the ultimate legal issue of causation or to make credibility determinations regarding other witnesses' testimony.[19]

In sum, contrary to Plaintiff's assertions, the Court has carefully considered Capt. Campana's intended testimony and determined that it satisfies *Daubert* and Rule 702. In addition, the Court has instructed OSG regarding impermissible subjects on which Capt. Campana may not opine. Thus, Plaintiff has failed to show that the Court made a clear error of law in denying Plaintiff's motion *in limine* to exclude Capt. Campana's testimony.

---

[18] R. Doc. 21 at p. 8.

[19] R. Doc. 21 at p. 8.

Because the Court finds that Plaintiff has not presented any legally cognizable basis for relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or otherwise, the Court will not reconsider its prior ruling.

Accordingly, for the reasons set forth above,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED** in all respects.


**New Orleans, Louisiana, this 28th day of May, 2013.**


_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**