UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WREN CORDES,**<br>        **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-2214** |
| **OSG SHIPMANAGMENT, LTD.,**<br>        **Defendant** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is a motion *in limine* filed by Defendant, OSG Ship Management UK, Ltd. ("OSG").[1]  OSG seeks to exclude Omega Hospital, LLC's billing records ("the Omega records") from evidence at trial.  Plaintiff, Wren Cordes ("Plaintiff"), opposes the motion.[2]  For the following reasons, the motion is **DENIED**.

### *Background*

As alleged in Plaintiff's complaint, Plaintiff is employed with Cooper/T. Smith Corporation ("Cooper/T. Smith") as a boat operator and line handler.  On November 14, 2011, Plaintiff was receiving bow mooring lien from the tanker M/T OVERSEAS YELLOWSTONE (the "vessel") while the vessel was attempting to dock at the Ergon Terminal on the Mississippi River in Hymel, Louisiana.  According to Plaintiff, the "line became tangled[,] causing the wench to retrieve the line rather than pay out the line and further causing the shackle welded to the end of the line to spin from the dock wench and strike [P]laintiff in the hand."[3]  Plaintiff alleges that this accident resulted in "severe,

---

[1] R. Doc. 30.

[2] R. Doc. 34.

[3] R. Doc. 1 at p. 2.

1

debilitating, disfiguring and permanent injuries to his wrist."[4] OSG was operating the vessel on November 14, 2011.[5] Plaintiff contends that OSG's negligence caused his injuries and he seeks to recover against OSG for such injuries under general maritime law.[6] Plaintiff designated this matter as a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.[7] Non-jury trial is scheduled to begin June 17, 2013.[8]

This Court entered a scheduling order in accordance with Rule 16 of the Federal Rules of Civil Procedure on November 26, 2012.[9] The scheduling order provides that the parties were to complete discovery no later than April 2, 2013.[10] According to OSG, Plaintiff did not provide the Omega records to OSG until May 22, 2013, eight weeks after the April 2, 2013 discovery deadline. OSG observes that the Omega records date from 2011 and 2012, and "were therefore available for at least a year before the discovery cutoff date."[11] Consequently, OSG requests the Court to exclude the Omega records from evidence at trial.

Plaintiff responds that counsel for the American Longshore Mutual Association ("ALMA") contacted OSG on November 27, 2012, regarding the medical and indemnity benefits paid to Plaintiff pursuant to the Longshore and Harborworker's Compensation Act, and provided a detailed itemization of the charges. In addition, Plaintiff, in his answers to

---

[4] R. Doc. 1 at p. 2.

[5] R. Doc. 4 at p. 2.

[6] R. Doc. 1.

[7] R. Doc. 1 at p. 3.

[8] R. Doc. 7.

[9] R. Doc. 7.

[10] R. Doc. 7 at p. 6.

[11] R. Doc. 30-1 at p. 1.

interrogatories dated November 30, 2012, revealed the existence of the Omega records. Furthermore, Plaintiff provided copies of the U.S. Department of Labor's "complete record" regarding Plaintiff to OSG on December 20, 2012, which included the Omega records. According to Plaintiff, an updated itemization of the bills ALMA paid was forwarded to OSG on May 22, 2013, with the "request that they be stipulated to as they reflected the actual amount [ALMA] paid, not the amount billed by the treating facility."[12] When OSG refused to stipulate to the authenticity of the records, Plaintiff forwarded a copy of Omega's "total itemized bill" to OSG.[13]

### *Law and Analysis*

Rule 16(b) authorizes federal district courts to control and expedite the discovery process through a scheduling order. Fed. R. Civ. P. 16(b); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). "Consistent with the authority vested in the trial court by rule 16, [the U.S. Court of Appeals for the Fifth Circuit] gives the trial court broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (internal quotation omitted). Moreover, Rule 16(f), by incorporating Rule 37(b)(2)(A)(ii)–(vii), authorizes a federal district court to impose sanctions on a party who disobeys a scheduling order by refusing to allow that party to introduce evidence at trial that was not timely produced. Fed. R. Civ. P. 16(f)(1), 37(b)(2)(B); *Barrett*, 95 F.3d at 380.

To determine whether to exclude evidence not timely disclosed, the Court must consider four factors: (1) a party's explanation for its failure to timely identify its exhibits;

---

[12] R. Doc. 34 at p. 2.

[13] R. Doc. 34 at p. 2.

(2) the importance of the proposed evidence; (3) potential prejudice in allowing the exhibits to be admitted; and (4) the availability of a continuance to cure such prejudice. *See Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Having reviewed the parties' arguments, the Court finds that Plaintiff has complied with the spirit of the discovery rules. *Young v. State Farm Fire and Cas. Co.*, 2007 WL 2127871, at *2 (E.D. La. July 25, 2007) (Feldman, J.). First, Plaintiff put OSG on notice that he had incurred medical bills at Omega Hospital, which ALMA paid, as early as November 2012. Second, the Omega records are important to the damages portion of Plaintiff's case, and to exclude them would substantially harm Plaintiff. Third, OSG has not drawn the Court's attention to any real prejudice it will suffer beyond its ability "to determine with certainty Plaintiff's provable damages."[14] OSG has had the U.S. Department of Labor's "complete record" regarding Plaintiff, which includes the Omega records, in its possession since December 2012. Thus, the Court cannot identify any real prejudice OSG will suffer if the Omega records are admitted. Finally, given that admitting the Omega records will not prejudice OSG and that OSG has not requested a continuance, continuing the trial date is not necessary.

While the Court does not condone any attempt to evade the discovery duties imposed by the Federal Rules of Civil Procedure, Plaintiff does not appear to have sought to conceal the Omega records from OSG. As a result, excluding the Omega records is too harsh of a remedy – one that, in light of the facts of this case, the Court will not order.

Accordingly, for the reasons set forth above,

---

[14] R. Doc. 30-1 at p. 3.

4

**IT IS ORDERED** that OSG's motion *in limine* to exclude the Omega records is **DENIED**.[15]

New Orleans, Louisiana, this 3rd day of June, 2013.

*Susie Morgan*
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[15] R. Doc. 30.